# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

EDWARD EARL JOHNSON, )
)
      Plaintiff, )
) Case No. 12-CV-481-JED-FHM
v. )
)
THE CITY OF TULSA; and ERIC HILL, )
)
      Defendants. )

## OPINION AND ORDER

The Court previously granted the dismissal motion of the City of Tulsa, with leave to amend as to certain claims. (Doc. 8). The plaintiff filed an Amended Complaint, and both defendants filed dismissal motions (Doc. 14, 21), which are now before the Court. The applicable dismissal standards are cited in the Court's prior order on the City's dismissal motion and will not be repeated here.

## I. Background

The following facts are alleged in the Amended Complaint and are taken as true for purposes of considering the dismissal motions. Plaintiff was arrested by Tulsa Police Department (TPD) Officer Eric Hill on December 28, 2008 after Hill initiated a traffic stop. Hill falsely indicated that he saw plaintiff throw a small amount of crack cocaine. Plaintiff alleges that he did not possess any cocaine, had not thrown any drugs, and was innocent, all of which "was known to Officer Hill." (Doc. 9 at ¶ 7). Plaintiff was prosecuted as a result of Hill's "illegal acts" after "Hill filed the false police report." (*Id.* at ¶ 8). In the course of his work as a police officer of the TPD, Hill made numerous false arrests and prepared numerous false reports, as part of a custom existing in the TPD to "shortcut" the legal process and obtain convictions, whether deserved or not. (*Id.* at ¶ 9). Although the City learned of the "widespread

transgressions of its police officers over many years," the City failed to timely remedy the continuing deprivations of civil rights of plaintiff and other similarly situated citizens. (*Id.* at ¶ 10). The City's long-standing failure to respond to its officers' illegal actions resulted in a widespread custom of such deprivations of rights of persons like plaintiff. (*See id.* at ¶¶ 11, 12).

Notwithstanding his pleas of innocence, "the prosecution of plaintiff continued until the date of his scheduled jury trial, June 15, 2009, at which time the plaintiff pled no contest and was found guilty of the felony offense of Possession of Controlled Drug and sentenced to ten years in the Department of Corrections, time suspended, with the plaintiff being under the written rules of probation and supervised by the Department of Corrections." (*Id.* at ¶ 8). The conviction resulted in a deprivation of civil liberties, plaintiff's loss of driving privileges, and had other negative impacts on plaintiff's life. (*Id.*). On October 3, 2011, plaintiff filed an Application for Post-Conviction Relief, which was granted on the same date, thereby vacating plaintiff's conviction. (*Id.* at ¶ 13).

Plaintiff alleges that Hill's conduct and the City's custom and failure to protect the plaintiff resulted in the malicious prosecution of plaintiff. (*See id.* at ¶¶ 8, 10-12). He asserts claims under 42 U.S.C. § 1983 against Hill and the City.

II.     **The City's Motion to Dismiss**

        A.      **Malicious Prosecution**

The City argues that the plaintiff's assertion of a malicious prosecution claim is time-barred under the Fourth Amendment. The plaintiff notes that his malicious prosecution claim is pursued under the Fourteenth Amendment Due Process Clause. As the Tenth Circuit has stated, "[t]he Supreme Court has not yet explicitly decided whether [a malicious prosecution] claim exists ... under the Fourth Amendment or the procedural component of the Due Process Clause."

*Mondragón v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008). "This Circuit, however, has held that the Constitution permits due process claims for wrongful imprisonment after the wrongful institution of legal process." *Id.* The court has noted that it has "not foreclose[d] the additional, though unlikely, possibility of a second Fourth Amendment claim, arising after the first one ends." *Id.* at 1083, n.4 (citing *Wallace v. Kato*, 127 S. Ct. 1091, 1096, n.2 (2007)).

"[A] plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims." *Mondragón*, 519 F.3d at 1082. The Tenth Circuit has explained certain accrual differences between Fourth Amendment and Fourteenth Amendment claims of unconstitutional imprisonment, as follows:

> In summary, two claims arise from an allegedly unconstitutional imprisonment as analysis "shifts" from the Fourth Amendment to the Due Process Clause. The period of time between an unlawful arrest and the institution of legal process forms one constitutional claim, arising under the Fourth Amendment. That claim accrues when the plaintiff is released or legal process is instituted justifying that imprisonment. The period of time between the institution of that process and its favorable termination – through acquittal, habeas corpus, voluntary dismissal, etc. – forms a second claim, arising under the Due Process Clause. That claim accrues, at the earliest, when favorable termination occurs.

*Id.* at 1083 (citations omitted). For purposes of accrual of a plaintiff's Fourth Amendment unlawful arrest claim, "legal process" is instituted "when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1096 (2007)).

The Court concludes that any malicious prosecution claim plaintiff asserts under the Fourth Amendment is likely time-barred under *Mondragón* because he was arraigned in 2008 and convicted in 2009, such that any such claim would have accrued, at the latest, in one of those years. However, because plaintiff asserts that he intends to maintain his malicious prosecution claim under the Fourteenth Amendment, the motion to dismiss the malicious prosecution claim

will be denied. The Fourteenth Amendment claim is timely, as plaintiff's initial petition was filed in state court less than two years following the granting of his request for post-conviction relief and the vacation of his conviction in 2011. Accordingly, the City's motion to dismiss the malicious prosecution claim is denied.

### B.     Eighth Amendment

The City argues that, because plaintiff was not incarcerated and the City cannot be construed as an imprisoning entity, plaintiff's claim under the Eighth Amendment must be dismissed. Plaintiff indicates in his response that he does not intend to pursue any Eighth Amendment claim in this suit. The Court notes that the Amended Complaint does refer to the Eighth Amendment as a basis for the claim. (Doc. 9 at ¶ 1). Based upon the plaintiff's representation and the City's argument, that claim will be dismissed.

### C.     Municipal Liability Claim

The City asserts that the Amended Complaint remains insufficient to state any claim against the City, because the plaintiff has not alleged that the City was aware of Hill's conduct or that the City had any practice, policy, or custom that sanctioned the wrongful arrest of citizens. However, as noted in the Background section above, the Amended Complaint expanded the plaintiff's policy, custom, and practice allegations to include assertions that Hill's false arrests and false reports were part of a TPD custom to bypass the legal process and obtain convictions, regardless of whether such convictions were warranted. (*See* Doc. 16 at ¶ 9). The Amended Complaint also includes allegations that, even after learning of the "widespread transgressions of its police officers over many years," the City failed to remedy the problem and thus civil rights violations continued as to the plaintiff and other similarly situated citizens. (*See id.* at ¶¶ 10-12).

4

At the pleading stage, the Court must accept these assertions as true. The allegations of the Amended Complaint are sufficient for plaintiff to maintain his claim against the City.

### D. Plaintiff's No Contest Plea

The City argues that plaintiff is estopped from pursuing a civil rights claim because he pleaded no contest to the charges against him. The City asserts that, because a no contest or nolo contendere plea under Oklahoma law has the same effect as a guilty plea and admits the validity of the charges, plaintiff cannot establish a lack of probable cause, which is a required element of a malicious prosecution claim. (Doc. 14 at 5-6). Plaintiff notes that, unlike an ordinary conviction premised upon a no contest plea, the plaintiff's conviction was vacated upon a grant of post-conviction relief, and the City has cited no authority that would preclude a plaintiff from establishing a lack of probable cause based upon a vacated conviction. Based upon the facts alleged by plaintiff, he was arrested and charged and prosecuted although he was innocent, and his conviction was subsequently vacated. (Doc. 9 at ¶¶ 7, 13). The Court accordingly declines to dismiss his malicious prosecution claim at this time.

## III. Hill's Dismissal Motion

Mr. Hill filed a very general motion to dismiss. Aside from citing general standards applicable to dismissal motions, the entirety of his argument is as follows:

> Plaintiff's Complaint should be dismissed. He fails to state facts in support of any claim against Eric Hill; attempts to seek punitive damages when they are not available and pleads only thread bare [sic] and formulaic civil rights causes of action against the Defendants in the form of vague and conclusory statements which fail to meet the pleading requirements under current federal law. Accordingly, Plaintiff's Complaint must be dismissed in its entirety.

(Doc. 21 at 3).

Initially, the Court notes that Hill's dismissal motion was filed out of time, as it was filed 16 days after the deadline for his Answer to be filed. Even if the motion were timely, it will be

denied because Hill has not presented any specific legal authorities or arguments. Contrary to Hill's argument, the Amended Complaint states sufficient factual allegations as to Hill's conduct to state a claim against him under § 1983. (*See* "I. Background" above).

In addition, Hill is simply wrong in asserting that "punitive damages ... are not available" in this case. (Doc. 21 at 3). Plaintiff has sued Hill in his individual capacity. (Doc. 9 at 1-2, ¶ 5). While punitive damages are not recoverable from municipalities under § 1983, it is well-settled that punitive damages *are* recoverable against defendants sued in their personal capacities under § 1983. That issue was decided over 30 years ago. *See Smith v. Wade*, 461 U.S. 30, 35, 54 (1983) (individual may be liable for punitive damages under § 1983 where his conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others"); *see also Youren v. Tintic School Dist.*, 343 F.3d 1296, 1308-09 (10th Cir. 2003) (punitive damages are "[u]nquestionably" available in § 1983 actions where individual's conduct meets standard under *Smith*; Tenth Circuit reversed the trial court's order directing a verdict and taking away the jury's opportunity to consider punitive damages against a school superintendent).

### III.    Conclusion

The City's motion to dismiss (Doc. 14) is **granted in part and denied in part**, as set forth above. Hill's motion to dismiss (Doc. 21) is **denied**. In accordance with Fed. R. Civ. P. 12(a)(4)(A), the defendants shall file their Answers within 14 days of this Opinion and Order. The parties shall file a Joint Status Report by **September 19, 2014**.

SO ORDERED this 28th day of August, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE