# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

EDWARD EARL JOHNSON, )
          Plaintiff, )
                         ) Case No. 12-CV-481-JED-FHM
v. )
THE CITY OF TULSA; and ERIC HILL, )
          Defendants. )

## OPINION AND ORDER

Plaintiff requests that the Court permit him to file a Second Amended Complaint adding a claim under the Oklahoma Constitution, art. 2, § 30, as delineated in *Bosh v. Cherokee County Bldg. Auth.*, 305 P.3d 994 (Okla. 2013). (Doc. 33). In response, defendant City of Tulsa argues that the Court should deny the proposed amendment because (1) the conduct of Eric Hill, as alleged by plaintiff in the Amended Complaint, was not in good faith and thus was not within the scope of employment and (2) even if plaintiff could state a *Bosh* respondeat superior claim based upon conduct within the scope of employment, the statute of limitations ran on any claim under *Bosh*. (*See* Doc. 34).

The conduct alleged in support of plaintiff's proposed *Bosh* claim is of a type that is, by its nature, not taken in good faith. Plaintiff alleges that Hill initiated a traffic stop of the plaintiff, during which Hill claimed, falsely, that he saw plaintiff throw crack cocaine from his car. According to plaintiff, Hill knew that plaintiff did not possess cocaine, plaintiff had not thrown anything, and that plaintiff was innocent, but Hill knowingly filed a false police report which resulted in plaintiff's prosecution and conviction. It is hard to fathom how a police officer could be acting in "good faith" when he knowingly provides false information to support a bogus arrest

and conviction. *See Pointer v. City of Tulsa*, No. 12-CV-397-JED-PJC, 2014 WL 4244290, **7-8 (N.D. Okla. Aug. 26, 2014) (unpublished).

In addition, the Court notes that the Oklahoma Supreme Court recently held that a *Bosh* claim, "as applied to police officers and other law enforcement personnel, may not be brought against a municipality when a cause of action under the [Oklahoma Governmental Tort Claims Act] is available." *Perry v. City of Norman*, ___ P.3d ___, 2014 WL 7177263 (Okla. Dec. 16, 2014) (not yet released for publication). The proposed Second Amended Complaint does not allege that plaintiff was barred from bringing an action under the Oklahoma Governmental Tort Claims Act for the conduct for which he seeks to add a *Bosh* claim by amendment.

Accordingly, the Motion to Amend (Doc. 33) is **denied**.

SO ORDERED this 15th day of January, 2015.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE